**CRELLIN, Plaintiff-Appellee, v. PARISH et, Defendants-Appellants.**

Ohio Appeals, Second District, Clark County.

No. 523.   Decided November 9, 1955.

Robert B. Pavlatos, Robert E. Brown, Springfield, for plaintiff-appellee.

Frank L. Nevius, Springfield, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal which proceeds as upon questions of law, from a decree of the Common Pleas Court engrafting a trust on a deed to the extent of an undivided one-half interest in the real estate described in

the petition in favor of plaintiff subject to certain liens and a mortgage indebtedness thereon.

Nine errors are assigned which we will not set out verbatim.

We come immediately to the one assignment which is dispositive of the appeal, viz, the fourth: "The court erred in weighing the evidence and awarding judgment to appellee upon a preponderance of the evidence, whereas, the degree of proof required must be clear and convincing."

The Bill of Exceptions discloses that on the completion of the taking of the testimony and the submission of the cause to the trial judge, among other things he said:

"Now getting to the evidence, I would like to point out that this is not a criminal case. The court does not have to be convinced beyond a reasonable doubt upon the issues of this case. That is the degree of proof in criminal cases. It is not the degree of proof in civil cases. But the court is to determine the evidence and determine where the weight of the evidence lies or preponderance of the evidence as it is sometimes called and whether or not it arises to the degree to convince sufficiently to require a judgment in favor of the plaintiff or whether it is of sufficient quality and weight and calls for a judgment in favor of the defendants. That is the process of weighing the evidence and which the Court will undertake to do."

He then indicated that he would decide the case on the next afternoon and fixed the time upon request of counsel at 2 o'clock.

From the foregoing statement of the trial judge it seems highly probable that when he decided the case he applied the preponderance of evidence rule as the basis for the burden of proof it was incumbent upon the plaintiff to establish, and that such proof would "arise to the degree to convince sufficiently to require a judgment in favor of the plaintiff."

The burden of proof which was required in this case was that which was clear and convincing. Although the petition does not expressly plead fraud, counsel for appellee concede that it was predicated on fraud. The allegation of the petition was that there was an agreement between the parties to the effect that, upon the advancement of the sum of $1000.00 by plaintiff to the defendant upon the purchase price of the real estate, though the title was to be taken in the name of the defendants, the ownership was to be in both the plaintiff and the defendants in the proportion of one-half each. Upon this averment, the prayer was that a trust be impressed upon the deed to the defendants for the real estate in one-half thereof in behalf of the plaintiff.

Although there has been some variation in the decisions of the courts on the question of the quantum of proof requisite to establish fraud or deceit the rule in Ohio now seems to be well established. The action here was to establish a trust. This suit was on the equity side of the court. Such actions have long been recognized as requiring clear and convincing proof to support a decree declaring a trust.

In the early case of **Merrick v. Ditzler, 91 Oh St 256,** in the opinion Chief Justice Nichols discusses the question and holds that suits seeking

to engraft a trust come within the class of cases requiring clear and convincing proof. This declaration was not requisite to the judgment in the case and it is not carried in the syllabus, however, it conforms to the definite weight of authority. A general discussion of the subject is found in 19 O. Jur., Fraud and Deceit, page 519 et seq., paragraphs 244, 245 and 246. And also as applied to reformation of instruments, 17 O. Jur., Evidence, page 410, par. 320.

By the issues drawn by the pleadings and upon the evidence the defendants were entitled to have the trial judge pass upon them originally and to weigh them by clear and convincing evidence rule. This they were denied to their prejudice.

It is suggested that the record well supports the decree upon applying the correct measure of proof, and that this court could so hold. It is not our function on a law appeal to pass upon the evidence as upon original presentation. The first trier of the facts has that exclusive privilege and until he has so acted, this court may not weigh the evidence.

Because of the fact that this appeal is determined upon the assignment of error which relates only to the quantum of proof, we may not consider the other errors assigned.

Judgment reversed and cause remanded for a new trial.

CONN, J, concurs.

MILLER, PJ, dissents.

I am not able to concur with my associates in the conclusion that the record discloses the trial court decided the case upon a mere preponderance of the evidence instead of evidence that was clear and convincing which is the degree of proof necessary in order to declare a trust on the ground of unjust enrichment. It will be noted that the Court stated that he would determine "* * * where the weight of the evidence lies, or preponderance of the evidence as it is sometimes called, and whether or not it arises to the degree to convince sufficiently to require a judgment in favor of the plaintiff * * *." (Emphasis ours.) The degree to which the "weight" or "Preponderance of the evidence" must arise is nowhere expressed by the court. He may have determined that the evidence prepondered in favor of the plaintiff to such a degree that it was clear and convincing. Since there is a presumption of regularity in all actions by a court, in the absence of evidence to the contrary it must be presumed that he acted in accordance with law and decided the case on the evidence that was clear and convincing. In my opinion the judgment should be affirmed.

No. 523.   Decided December 3, 1955.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By THE COURT:

Submitted on motion and application for rehearing by appellee.

The motion filed November 12, 1955, following submission of journal entries of both parties,

"Requests and moves that the court specify in writing the ground or grounds for its reversal to the prejudice of plaintiff-appellee of the decision of the trial court in this cause."

We are somewhat at loss to understand the reason for this motion. In the majority opinion the ground of the reversal was definitely stated. Counsel thereafter in separate entries submitted to the court properly incorporated the ground for reversal.

The appeal is not on questions of law and fact and therefore a request for separate findings of law and fact would not be in order.

This motion will be overruled.

The application for re-hearing, is not dated, but was received subsequent to the approval of the final judgment entry.

Our rules do not contemplate an application for re-hearing but it is our practice, if attention is directed to an oversight in an opinion of some material question of fact or controlling principle of law, to entertain the application.

The first ground of the application is that our attention was not called to nor did we consider the motion made by defendants-appellants at the close of plaintiffs testimony in the trial that the petition be dismissed because the evidence presented by the plaintiff was not clear and convincing. It is true that our attention was not directed to this motion or the action of the court nor did we consider it.

A transcript of the proceedings is appended to plaintiff's application, as follows:

Page 84, Bill of Exceptions:

MR. BROWN: The plaintiff rests.

MR. BAYLEY: If the court please, I would like to move that the petition be dismissed on the grounds that this is a case in equity that clear and convincing proof is necessary and that degree of proof has not been furnished as to either of the defendants.

THE COURT: Submitting the motion?

MR. BAYLEY: Yes, sir.

THE COURT: Overruled.

It will be noted that the Court made no comment whatever in overruling this motion. The action taken may have been based upon either of two reasons: One, assuming that Mr. Bayley's premise was correct as to the quantity of proof required to be produced by plaintiff, there was at that juncture of the case sufficient proof to go to the jury. Two,

that the measure of proof was not as stated by Mr. Bayley and, therefore, the motion was overruled.

The second ground of the motion is predicated upon the validity of the first branch thereof.

We find no assistance from that part of the Bill of Exceptions heretofore quoted, in the construction of the language of the trial judge upon which we based the opinion of the majority in reversing the judgment.

The application for re-hearing will be denied.

HORNBECK and CONN, JJ, concur.
MILLER, PJ, approves subject to prior dissent.